IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN BOARD OF SURGERY, INC., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No.    2:10-cv-01857-MSG |
| | : | |
| KEITH A. LASKO, M.D., and AMERICAN | : | |
| BOARD OF GENERAL SURGERY, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

AND NOW, this _____ day of _____, 2010, upon consideration of Plaintiff American Board of Surgery, Inc.'s motion for an order authorizing alternative service of defendant Keith Lasko, and any response thereto, it is hereby ORDERED that said motion is GRANTED;

It is further ORDERED that Plaintiff may serve defendant Keith Lasko with the summons and copy of the complaint by first class mail addressed to Keith Lasko, 8604 Vivid Violet Avenue, Las Vegas, Nevada 89143;

It is further ORDERED that the period of time by which Plaintiff must serve defendant Keith Lasko under Fed. R. Civ. P. 4(m) is extended by ninety days.

_____
                                                                 J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN BOARD OF SURGERY, INC.,   : | |
| : | CIVIL ACTION |
| Plaintiff,   : | |
| : | |
| v.   : | No.   2:10-cv-01857-MSG |
| : | |
| KEITH A. LASKO, M.D., and AMERICAN   : | |
| BOARD OF GENERAL SURGERY,   : | JURY TRIAL DEMANDED |
| : | |
| Defendants.   : | |
| : | |

### MOTION OF AMERICAN BOARD OF SURGERY, INC. FOR ORDER AUTHORIZING ALTERNATIVE SERVICE OF DEFENDANT KEITH LASKO

Plaintiff American Board of Surgery, Inc. ("ABS") moves for an order authorizing

alternative service of defendant Keith Lasko and in support thereof relies upon the

accompanying memorandum of law.

Gabriel L.I. Bevilacqua (GB555)
Gregory J. Wartman (gjw239)
Pa. Id. Nos. 17578 & 87880
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
(215) 972-7777

Date:  July 14, 2010

*Attorneys for Plaintiff*
*American Board of Surgery, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN BOARD OF SURGERY, INC., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No.    2:10-cv-01857-MSG |
| | : | |
| KEITH A. LASKO, M.D., and AMERICAN | : | |
| BOARD OF GENERAL SURGERY, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
OF AMERICAN BOARD OF SURGERY, INC. FOR ORDER
AUTHORIZING ALTERNATIVE SERVICE OF DEFENDANT KEITH LASKO**

**I.**     **Introduction.**

Plaintiff American Board of Surgery, Inc. ("ABS") files this motion seeking an order

authorizing alternative service of defendant Keith Lasko ("Lasko").  Since commencing this

action in April 2010, ABS has repeatedly attempted to serve Lasko with the summons and

complaint in accordance with the Federal Rules of Civil Procedure both by personal service and

by certified mail, return receipt requested.  Lasko has avoided ABS' diligent efforts to serve him.

ABS asks this Court to authorize it to serve Lasko by first class mail.

**II.**     **Factual Background.**

ABS commenced this action on April 26, 2010 by filing a complaint against defendants

Keith Lasko and the American Board of General Surgery ("ABGS").  The Clerk of Court issued

summons to Lasko and ABGS on April 26, 2010.  ABS served ABGS on May 6, 2010 by

sending the summons and complaint to ABGS' registered agent via certified mail, return receipt

requested.  See Affidavit of Gregory J. Wartman, a copy of which is attached as Exhibit "A" at ¶ 5.

### A.    *First Attempt to Serve Lasko Via Certified Mail.*

On May 6, 2010, ABS sent the summons and complaint to Lasko via certified mail, return receipt requested, restricted delivery at his residence at 8604 Vivid Violet Avenue, Las Vegas, Nevada 89143.  Id. at ¶ 6.  The United States Postal Service ("USPS") attempted to deliver the package to Lasko at that address, however, no one answered the door.  The USPS left a notice for Lasko at that address stating that the USPS had a package for him and that he had thirty days to pick up the package or it would be returned to our office.  Lasko did not claim the package and the USPS returned it to our law firm.  An excerpt from the USPS website is attached as Exhibit "B."

### B.    *First Attempt to Serve Lasko Via Personal Service.*

ABS next tried to serve Lasko by personal service.  See Exhibit A at ¶¶ 10-11.  On May 25, 2010, ABS sent the summons and complaint to Guaranteed Subpoena with instructions to personally serve them on Lasko at the above referenced address.  Id.  A process server working for Guaranteed tried to serve Lasko at that address on three separate days in May 2010.  The process server completed an Affidavit of Non-Service on June 1, 2010, explaining his attempts to serve Lasko.  A copy of an Affidavit of Non-Service is attached as Exhibit "C."  The process server explained that a red BMW was parked in the driveway and a dog was barking inside the house.  The process server further explained that he left a business card in the door and that the card was not there when he returned to attempt service again the next day.  See Exhibit C.

**C.**   ***Second Attempt to Serve Lasko Via Personal Service.***

On June 10, 2010, ABS sent the summons and complaint to a second process server, APS International, Ltd., with instructions to personally serve Lasko at the above referenced address. See Exhibit A at ¶ 15. This process server similarly was unable to personally serve Lasko and completed an Affidavit of Due and Diligent Attempt.  A copy of the affidavit is attached as Exhibit "D."  The affidavit states that the process server made "due and diligent efforts" to serve Lasko at his address at 8604 Vivid Violet Avenue, Las Vegas, NV 89143-5114 but was unable to do so.  Id.

**D.**   ***Second Attempt to Serve Lasko Via Certified Mail.***

In addition to making repeated efforts to serve Lasko with two different process servers, ABS also made a second attempt to serve Lasko with the summons and complaint by certified mail, return receipt requested, restricted delivery.  See Exhibit A at ¶ 18.  Again, no one answered the door and Lasko did not claim the package as directed by the USPS notice.  An excerpt from the USPS website is attached as Exhibit "E."

**E.**   ***Attempt to Have Lasko's Attorney Accept Service.***

Lasko has an attorney representing him for purposes of attempting to negotiate a resolution of ABS' claims against him.  See Exhibit A at ¶ 20.  ABS's attorneys have been in touch with Lasko's attorney and have asked him whether he will accept service of the summons and complaint on behalf of Lasko.  Id.  Lasko's attorney has advised us that he is not authorized to accept service.  Id.

## III.  **Argument.**

### A.  *Pennsylvania State Procedural Rules Authorize Alternative Service.*

The Federal Rules of Civil Procedure state that an individual found within the United States may be served, among other ways, in a manner authorized by the law of the state in which the district court sits, which in this case is Pennsylvania. <u>See</u> Fed. R. Civ. P. 4(e). The Pennsylvania Rules of Civil Procedure recognizes that the Court may authorize alternative methods of service if a plaintiff is unable to serve a defendant through the traditional means set forth in the rules. <u>See</u> Pa. R. Civ. 430.[1] Pa. R. Civ. P. 430 states that "[i]f service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service." The Pennsylvania rules state that the plaintiff must submit an affidavit "stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and reasons why service cannot be made." <u>Id.</u>

### B.  *ABS Exercised Due Diligence in Attempting to Serve Keith Lasko.*

ABS exercised due diligence in attempting to serve defendant Keith Lasko by making numerous attempts to serve him through a variety of different methods.

Rule 4(e) of the Federal Rules of Civil Procedure provide that an individual found within the United States may be served in the following manners: (a) in a manner specifically authorized by federal law; (b) under the waiver of service provision of Rule 4(d); (c) by personal service; (d) in a manner authorized by the law of the state in which the district court sits (Pennsylvania) or in which service is to be accomplished (Nevada); (e) leaving the summons and

---

[1]  The Nevada Rules of Civil Procedure similarly provide that the Court may authorize alternative service where the plaintiff has made due diligence to locate the defendant and serve him or where the defendant seeks to avoid service. <u>See</u> Nevada R. Civ. P. 4(e)(i).

complaint at the individual's dwelling house or usual place of abode with a person of suitable age residing there; or (f) by serving the individual's agent.

As set forth in the attached affidavit and exhibits, ABS made the following diligent efforts to serve Keith Lasko:[2]

(1)     On May 6, 2010, ABS attempted to serve Lasko at his 8604 Vivid Violet Ave., Las Vegas, Nevada residence via certified mail, return receipt requested pursuant to Fed. R. 4(e)(3) and Pa. R. Civ. P. 403 and 404. See Exhibit A at ¶ 6. No one answered the door at Lasko's Las Vegas, Nevada residence and Lasko did not claim the package from the USPS as directed by the USPS notice. See Exhibit B.

(2)     On May 25, 2010, ABS directed Guaranteed Subpoena to serve Lasko personally at his residence. See Exhibit A at ¶¶ 10-11. On three separate days and at different times, Guaranteed attempted to service but no one answered the door. See Exhibit C.

(3)     On June 10, 2010, ABS hired a second process server to serve Lasko personally at his residence. Again, on two separate days, the process server attempted service but no one answered the door. See Exhibit A at ¶ 15; Exhibit D.

(4)     ABS made yet another attempt to serve Lasko at his Las Vegas, Nevada residence via certified mail, return receipt requested. See Exhibit A at ¶ 18. This attempt like all previous attempts was unsuccessful because no one answered the door and Lasko did not claim the package from the USPS. See Exhibit E.

(5)     Because no one answered the door on any of the attempts at service, ABS was also not able to serve Lasko pursuant to Fed. R. Civ. P. 4(e) by leaving the summons or

---

[2]     Methods a, b, and f were not available to ABS as there is no specific federal law addressing service of an individual such as Lasko, there was no waiver of service, and ABS is not aware of Lasko having an agent authorized to accept service.

complaint at Lasko's residence with another individual who resides there.  <u>See</u> Exhibit B, C, D, and E.

(6)     Lasko is nevertheless aware of this lawsuit and the claims against him and has hired an attorney to help negotiate a resolution of the claims against him.  <u>See</u> Exhibit A at ¶ 20. ABS asked Lasko's attorney if he will accept service of the summons and complaint on behalf of Lasko.  <u>Id.</u>  The attorney told ABS' attorneys that he is not authorized to do so.  <u>Id.</u>

Given ABS' diligent efforts to serve Keith Lasko, ABS respectfully requests that the Court issue a special order authorizing service of process on Lasko to be made by mailing, via first class mail, the summons and complaint to him at his 8604 Vivid Violet Ave., Las Vegas, Nevada 89143-5114.

### C.     *ABS Also Requests an Extension of the Time for Service.*

Regardless of whether this Court elects to authorize ABS to serve defendant Lasko by alternative service, ABS respectfully asks this Court to extend the deadline for service set forth in Fed. R. Civ. P. 4(m) by ninety (90) days.  As set forth above and in the attached affidavit, ABS has demonstrated good cause for this extension of the time for service.

## IV.   <u>Conclusion.</u>

For the foregoing reasons, plaintiff American Board of Surgery, Inc. respectfully requests that this Court enter an order: (1) authorizing that service of process may be made on defendant

Keith A. Lasko via first class mail, addressed to 8604 Vivid Violet Ave., Las Vegas, Nevada

89143-5114; and (2) extending the time for service of Lasko by ninety (90) days.

Gabriel L.I. Bevilacqua (GB555)
Gregory J. Wartman (gjw239)
Pa. Id. Nos. 17578 & 87880
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
(215) 972-7777

Date:  July 14, 2010

*Attorneys for Plaintiff*
*American Board of Surgery, Inc.*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN BOARD OF SURGERY, INC., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No.    2:10-cv-01857-MSG |
| | : | |
| KEITH A. LASKO, M.D., and AMERICAN | : | |
| BOARD OF GENERAL SURGERY | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

**AFFIDAVIT OF GREGORY J. WARTMAN IN SUPPORT OF
MOTION FOR ALTERNATIVE SERVICE OF KEITH A. LASKO**

**STATE OF PENNSYLVANIA**          )
                                   ) ss
**COUNTY OF PHILADELPHIA**         )

Gregory J. Wartman, being duly sworn, deposes and states as follows:

1.      I am Special Counsel with the law firm of Saul Ewing LLP and am representing plaintiff American Board of Surgery, Inc. ("ABS") in this lawsuit.

2.      I offer this affidavit in support of ABS' motion for an order authorizing alternative service of defendant Keith A. Lasko.

3.      ABS commenced this action on April 26, 2010 by filing a complaint against defendants Keith Lasko and the American Board of General Surgery ("ABGS").

4.      The Clerk of Court issued summons to Lasko and ABGS on April 26, 2010.

5.      I served ABGS on May 6, 2010 by causing the summons and complaint to be sent to ABGS' registered agent via certified mail, return receipt requested.

1250407.1 7/14/10

6.      On May 6, 2010, I caused the summons and complaint to be sent to Lasko via certified mail, return receipt requested at his residence at 8604 Vivid Violet Avenue, Las Vegas, Nevada 89143.

7.      The United States Postal Service ("USPS") attempted to deliver the package to Lasko at that address, however, no one answered the door. See Exhibit B to ABS' motion.

8.      The USPS states that it left a notice for Lasko at that address stating that the USPS had a package for him from our law firm and that he had thirty days to pick up the package or it would be returned to our office. Id.

9.      According to the USPS, Lasko did not claim the package and the USPS returned it to our law firm. Id.

10.     ABS next tried to serve Lasko by personal service.

11.     On May 25, 2010, I caused the summons and complaint to be sent to Guaranteed Subpoena with instructions to personally serve them on Lasko at the above referenced address.

12.     A process server working for Guaranteed tried to serve Lasko at that address on three separate days in May 2010 at three different times. See Exhibit C to ABS' motion.

13.     The process server completed an Affidavit of Non-Service on June 1, 2010, explaining his attempts to serve Lasko. Id.

14.     The process server stated that he left a business card in the door and that the card was not there when he returned to attempt service again the next day. Id.

15.     On June 10, 2010, I caused the summons and complaint to be sent to a second process server, APS International, Ltd., with instructions to personally serve Lasko at the above referenced address.

16.     This process server similarly was unable to personally serve Lasko and completed an Affidavit of Due and Diligent Attempt dated June 24, 2010.  See Exhibit D to ABS' motion.

17.     The affidavit states that the process server made "due and diligent efforts" to serve Lasko at his address at 8604 Vivid Violet Avenue, Las Vegas, NV 89143-5114 but was unable to do so because on numerous occasions no one answered the door.

18.     In addition to making repeated efforts to serve Lasko with two different process servers, ABS also made a second attempt to serve Lasko with the summons and complaint by certified mail, return receipt requested, restricted delivery.  I caused the summons and complaint to be sent to Lasko via certified mail, return receipt requested.  See Exhibit E to ABS' motion.

19.     Again, according to the USPS, no one answered the door and Lasko did not claim the package as directed by the USPS notice.  Id.

20      In addition, I have been in touch with an attorney representing Lasko for the purposes of attempting to negotiate a resolution of this dispute.  I asked the attorney if he would accept service on behalf of Lasko.  He advised me that he is not authorized to do so.

21.     The facts set forth in this affidavit are true and correct to the best of my knowledge.


_____
Gregory J. Wartman


Sworn and subscribed to me this
_____ day of July, 2010

*Mary J. Long*

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MARY E. LONG, Notary Public
City of Philadelphia, Phila. County
My Commission Expires August 2, 2012

# EXHIBIT B



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 8.82 |
| Certified Fee | $ 2.80 |
| Return Receipt Fee (Endorsement Required) | $ 2.30 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 13.92 |

Postmark Here
PHILA PA 19102 PENN CENTER
MAY - 6 2010
USPS

Sent To   Keith A. Lasko

Street, Apt. No.; or PO Box No.   8604 Vivid Violet Ave.

City, State, ZIP+4   Las Vegas, NV  89143-5114

PS Form 3800, June 2002                    See Reverse for Instructions

7006 0810 0002 5570 3765

 **UNITED STATES
POSTAL SERVICE**®

Home | Help

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **7006 0810 0002 5570 3765**
Service(s): **Certified Mail**™
Status: **Delivered**

Your item was delivered at 7:54 AM on May 28, 2010 in PHILADELPHIA,
PA 19103.

Track & Confirm

Enter Label/Receipt Number.

Detailed Results:

- **Delivered, May 28, 2010, 7:54 am, PHILADELPHIA, PA 19103**
- **Processed through Sort Facility, May 27, 2010, 1:09 am, PHILADELPHIA, PA 19919**
- **Unclaimed, May 25, 2010, 9:44 am, LAS VEGAS, NV**
- **Notice Left, May 08, 2010, 12:37 pm, LAS VEGAS, NV 89143**
- **Acceptance, May 06, 2010, 4:27 pm, PHILADELPHIA, PA 19102**

Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.   ( *Go >* )

---

Site Map     Customer Service     Forms     Gov't Services     Careers     Privacy Policy     Terms of Use     Business Customer Gatewa

Copyright© 2010 USPS. All Rights Reserved.     No FEAR Act EEO Data     FOIA

# EXHIBIT C

# AFFIDAVIT OF NON-SERVICE

Commonwealth of Pennsylvania      County of EASTERN DISTRICT      **District Court**

Case Number: 101857

Plaintiff:
**AMERICAN BOARD OF SURGERY, INC.**
vs.
Defendant:
**KEITH A. LASKO AND AMERICAN BOARD OF GENERAL SURGERY**

For:
N/A

,

Received by Zane Investigations, Inc on the 26th day of May, 2010 at 12:18 pm to be served on **KEITH A. LASKO, 8604 VIVID VIOLET AVE, LAS VEGAS, NV 89143**.

I, Jamie Sterett, being duly sworn, depose and say that on the **29th day of May, 2010 at 9:00 am**, I:

**NON-SERVED** the Summons, **CIVIL CASE COVER SHEET, CASE MANAGEMENT TRACK DESIGNATION FORM, COMPLAINT, EXHIBITS**. After due search, careful inquiry and diligent attempts was unable to serve on **KEITH A. LASKO** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
5/27/2010 7:33 pm   RESDIENTIAL ADDRESS, NO ANSWER. HOME IS A 2 STORY 2 CAR GARAGE DWELLING. STEPS LEADING TO FRONT DOOR. DOG CAN BE HEARD INSIDE OF HOME. THERE WAS A RED BMW NV PLATE 562-TFT IN DRIVEWAY.
5/28/2010 7:00 pm   SAME AS FIRST ATTEMPT. CAN STILL HEAR BARKING FROM DOG WHEN RINGING BELL AND KNOCKING. FIRE ALARM IS CHIRPPING INSIDE HOME. RED VEHICLE IS GONE. BACK YARD IS FULL OF PATIO AND OUTSIDE FURNITURE ITEMS. POWER METER IS RUNNING. LEFT CARD ON DOOR TO CALL.
5/29/2010 9:00 am   NO ANSWER AGAIN WHEN KNOCKING OR RINGING BELL. VEHICLE IN DRIVEWAY RED BMW IS VESIBLE. CARD GONE FROM DOOR.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

*Jamie Sterett* 6/1/10
**Jamie Sterett**
Process Server

Subscribed and Sworn to before me on the __1__ day
of __JUNE__, __2010__ by the affiant who is
personally known to me.

*Manuel Godinez*
NOTARY PUBLIC

**Zane Investigations, Inc**
P.O. Box 11293
**Reno, NV  89510**
**(775) 337-8177**

Our Job Serial Number: 2010001771
Ref: 20100525142721

MARIBEL GODINEZ
NOTARY PUBLIC
STATE OF NEVADA
Appt. No. 09-10522-1
My Appt. Expires July 10, 2013

Copyright © 1992-2009 Database Services, Inc. - Process Server's Toolbox V6.3z

# EXHIBIT D

American Board of Surgery, Inc., et. al., Plaintiff(s)
vs.
Keith A. Lasko, et. al., Defendant(s)



Service of Process by
**APS International, Ltd.**
**1-800-328-7171**
APS International Plaza
7800 Glenroy Road
Minneapolis, MN 55439-3122

APS File #:   104676-0001

## AFFIDAVIT OF DUE AND DILIGENT ATTEMPT

Service of Process on:

SAUL EWING
Barbara Gentek
1500 Market Street, 38th Floor
Philadelphia, PA  19102-2186

—Keith A. Lasko
Court Case No. USDC Eastern District of PA 10-1857

Customer File:   060031-99452

State of: __Nevada__ ) ss.
County of: __Clark__ )

Name of Server:   __Judith Mae All__ , undersigned, being duly sworn, deposes and says
that at all times mentioned herein, s/he was of legal age and was not a party to this action:

Documents Served:   the undersigned attempted to serve the documents described as:
Summons and Complaint

Service of Process on:   The undersigned attempted to serve the documents on
Keith A. Lasko
and after due and diligent efforts, was unable to effect service.
The following is a list of the attempts made to effect service:

Attempts:

Dates/Time/Address Attempted:   8604 Vivid Violet Avenue, Las Vegas, NV 89143-5114   __14 June 2010 @ 6:52 pm__

Reason for Non-Service:   __Red BMW (NV 562 TFT) in drive. No answer. Quiet.__

Dates/Time/Address Attempted:   __Same as above__   __15 June 2010 @ 11:05 am__

Reason for Non-Service:   __No change. Neighbor (8608 Vivid Violet Ave) confirmed__
__subject lives here. (Tina, WFA, 40's). Not sure when home during__
Dates/Time/Address Attempted: __the week, but is home weekends. Likes to throw parties.__

Reason for Non-Service:

Based upon the above stated facts, Affiant believes the defendant is avoiding service.

Signature of Server:   Undersigned declares under penalty of perjury
that the foregoing is true and correct.

__Judith Mae All__
Signature of Server

APS International, Ltd.
NV State License No. 174
APS Contractor No. 111a

Subscribed and sworn to before me this
__24__ day of __June__ 20 __10__

__L E Whitehead__
Notary Public   (Commission Expires)

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
L. E. WHITEHEAD
Appt. No. 98-59631-1
My Appt. Expires November 30 20

## SUMMONS IN A CIVIL ACTION

### UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN BOARD OF SURGERY, INC.<br><br>v.<br><br>KEITH A. LASKO<br>AMERICAN BOARD OF GENERAL SURGERY | CIVIL ACTION NO. 10-1857<br><br><br>TO: (NAME AND ADDRESS OF<br>      DEFENDANT)<br>      Keith A. Lasko<br>      8604 Vivid Violet Avenue<br>      Las Vegas, NV  89143-5114 |

### YOU ARE HEREBY SUMMONED and required to serve upon

Plaintiff's Attorney (Name and Address)

Gregory J. Wartman, Esq.
Saul Ewing LLP
1500 Market St., 38th Fl.
Philadelphia, PA 19102

an answer to the complaint which is herewith served upon you, within 21 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| Michael E. Kunz, Clerk of Court | Date: April 26, 2010 |
|---|---|

(By) Deputy Clerk

*Janet Vecchione*
Janet Vecchione

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) Judith Mae All | TITLE Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☒ Returned unexecuted: *Two attempts. (6/14/10 @ 6:52pm)(6/15/10 @ 11:05am). Red BMW (NV 562 TFT) in driveway, but no answer. Neighbor (Tina, WFA, 40's) at 8608 Vivid Violet Dr. Confirmed residency. Not sure when home during the week, but home weekends; likes to throw parties.*

☐ Other (specify): _____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   6/24/2010       *Judith Mae All*
            Date              Signature of Server

APS International, Ltd.
7800 Glenroy Rd.
Minneapolis, MN 55439-3122
thru
APS Contractor #111
NV State License No. 174

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT E



**UNITED STATES POSTAL SERVICE**®

Track & Confirm

# Track & Confirm

### Search Results

Label/Receipt Number: **7006 0810 0002 5570 3727**
Class: **Priority Mail**®
Service(s): **Certified Mail**™
   **Return Receipt**
Status: **Unclaimed**

Your item was returned to the sender on July 8, 2010 because it was not claimed by the addressee.

Detailed Results:

- **Unclaimed, July 08, 2010, 10:04 am, LAS VEGAS, NV**
- **Notice Left, June 11, 2010, 12:25 pm, LAS VEGAS, NV 89143**
- **Acceptance, June 09, 2010, 3:57 pm, PHILADELPHIA, PA 19103**

Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.  ( Go > )

---

Track & Confirm

Enter Label/Receipt Number.

---

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Keith A. Lasko
8604 Vivid Violet Avenue
Las Vegas, NV 89143-5114

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7006 0810 0002 5570 3727

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

## CERTIFICATE OF SERVICE

I, Gregory J. Wartman, hereby certify that on this 14th day of July, 2010, I caused a copy

of the foregoing documents to be served via first class mail, postage prepaid, on the following:

American Board of General Surgery
c/o CSC Services of Nevada, Inc.
502 East John Street
Carson City, NV 89706

Keith A. Lasko, M.D.
8604 Vivid Violet Ave.
Las Vegas, NV 89143

Gregory J. Wartman

Date:  July 14, 2010